IIobsbloweb, C. J.
This was an action of Trover. The plaintiff as sheriff of the county of Middlesex, levied, among other things, upon the property in question, consisting of a pair of horses, a set of harness and a sled, on an execution against John Brokaw, at the suit of Henry Smock, out of the Circuit Court of the county of Middlesex. After making an inventory, the sheriff left the property with Brokaw, to be taken care of until tifo day of sale; but gave him permission to use the horses &c. in the mean time. On the next day after the levy, the sheriff advertised the property to be sold, on some day, about ten days after the levy had been made. In the mean time Brokaw, being hired by one McCollough to carry him into the county of Somerset, took the horses and sled and drove him into that county. Brokaw was there arrested at the suit of Webster the grandfather of McCollough and confessed judgment to him before a justice of the peace ; upon which an execution was immediately issued; the property in question levied on and taken possession of by the constable and soon after sold by him at auction to the *58 defendant. The constable was informed at the time of his making the levy, that the property had been levied on by the sheriff of Middlesex; but there was no evidence that Vail, the defendant had notice of the previous levy. The sheriff sold the rest of the property levied on by him on the execution against Brokaw, on the day for which he had advertised them to be sold; and then demanded of the defendant, who was present at that sale, the horses, sled &c. in question, but the defendant refused to deliver them up; whereupon this action was brought and the question is, whether upon these facts, the action will lie.
The counsel for the plaintiff in. Certiorari has raised several objections, as follows:
First, The plaintiff should have sued and declared by his name of office. He has no title in his own right, or personal to himself, but only as sheriff.
In support of this position, we were referred to the cases coliected in Comyn Dig. tit. abatement. E. 21. But they do not sustain the counsel. It is true, the general proposition laid down by Baron Comyn is, that if a plaintiff sues for any thing relating to his office, he ought to name himself by the name of his office, otherwise it may be pleaded in abatement; but this general statement is explained and qualified by the cases put by the author, and upon examination it will be found to extend only to such actions as are peculiar to the office or special character of the plaintiff; and where the very statement of the cause of action shows that it is an action that can be brought only, by some dignitary or officer, or some person holding a special character. Eor instance, an action for a rescue, can only be brought by a sheriff, and he must therefore call himself sheriff. So a real action for lands belonging to a prebend can only be brought by the prebendary; so if a prior, being Parson of D, sues for a matter appertaining to that church, he must call himself Parson, for none other can bring such action. Whereas any man, who has property in himself as an individual, either general or special, may bring trover, in his own name, whether he acquired that property, as purchaser, as a common carrier, as special bailee, or in the discharge of his duty as a sheriff, or other public officer. It can never be necessary in an action of trover, for a plaintiff to set out the history of his title or the office he bears, unless the *59 properly sued for belongs to that office ; or unless he sues in autre droit.
Secondly, Another objection was, that the evidence did not show a right in James Brewster individually, but only a right in him as sheriff; and did not show that he was sheriff.
I have stated above what I consider the substance of the case as certified to us, and it shows that the plaintiff levied upon, inventoried, advertised and sold some of the goods, as sheriff. This was at least prima facie evidence of his being sheriff and sufficient until the contrary was shown.
Thirdly, It was said, a legal or sufficient levy had not been proved; that there was no evidence that the defendant saw the property pr had it under his control. But I think there was evidence sufficient of a legal levy. The witness testified, that the sheriff came to his premises and. levied on his property; that he made an inventory of the goods; and advertised them the next day for sale. I think there was nothing said by the Court, in Lloyd v. Wyhoff, 6 Hals. 218, cited by the counsel, that sustains iiis objection.
Fourthly, It was insisted also, that the inventory not having been returned and filed, it was improperly admitted in evidence on the trial below. There is certainly nothing in this objection. The simple fact, that the sheriff had made an inventory was a matter in pais, and might have been, as it was in this case, proved by parol. In order however, to show that the goods in question were included in the levy, it was perhaps necessary to produce the inventory itself. This was done, in connection with the execution, and in my opinion, rightfully. If the writ and levy had been actually returned and filed, an exemplified copy would have been sufficient. But as they were still in the hands of the sheriff, the identity and truth of the inventory were open to inquiry, and would have been so perhaps, if it had been returned and filed in the proper office ; but as a written document, if identified to be the inventory made on that execution, it was legal and competent testimony.
Fifthly, It was insisted that whatever might have been the rights and remedies of the sheriff against one who had tortiously taken the goods out of the hands of Brokaw, whom he had made his bailiff for their safe keeping, yet as he had given his bailiff *60 leave to use the goods, aud he had abused his trust, and removed them out of the sheriff’s jurisdiction, the sheriff had rendered himself responsible to the plaintiff in execution, and must now look to his bailiff; especially as in this case, the property had been seized within another jurisdiction, by due process of law, and the defendant was an innocent purchaser at an official sale, under that process.
This objection struck me on the argument with some force; but upon reflection, it cannot be sustained. There is no pretence of any fraud or collusion between the sheriff and Brokaw, and therefore the rights of the sheriff are unimpaired. According to the whole current of our decisions (many of which are referred to in Lloyd v. Wyhoff above cited, and there have been several since that time) sustaining the right of a sheriff to leave the property levied on in the hands of the defendant in execution, as his bailiff until the time of the sale, it will not do for us now to say, that if the bailiff removes them to any place without the sheriff’s jurisdiction, the sheriff thereby loses his property in, and control over them. The goods, by force of the statute, were bound by the execution, from the time it was delivered to the sheriff; and he had a special property in them, from the time he levied upon them; and so long as the sheriff acted lawfully and in good faith, his title could not be defeated by the acts of other persons. The constable in Somerset county seized the goods at his peril; and the defendant purchased them at his peril: he purchased the right and title of Brokaw; and if he had no right, the defendant acquired none.
Judgment must therefore be affirmed.
Cited in Caldwel v. West, 1 Zab. 418.